■ In the Matter of the Claim of ANA M. RAMSEY, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1977, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment through misconduct in connection therewith, charging her with an overpayment of $200 in benefits ruled recoverable, and holding that she willfully made false statements to obtain benefits for which a forfeiture of eight effective days was imposed. Claimant, a masseuse, was employed by a concessionaire at a large resort hotel. She was absent from her employment on one day when she was expected to work and she was discharged the following day based on her unexcused absence. She informed the unemployment insurance office that he employer told her he did not need her anymore and that he did not have any complaints about her work. The board disqualified claimant from receiving benefits on the ground of misconduct and based on this determination charged claimant with an overpayment of $200 which was ruled recoverable. It was also held that claimant willfully made false statements to obtain benefits and as a consequence thereof a forfeiture of eight effective days was imposed. This appeal ensued. Claimant contends that she was denied due process of law in that she did not have the services of an interpreter. It does not appear, however, that any request for an interpreter was made by claimant and the record fails to reveal any lack of comprehension on claimant's part. Consequently, we find no denial of due process (Matter of Villegas [Levine], 49 AD2d 783). Claimant also argues that there is not substantial evidence to support the board's finding of misconduct. We agree. Although an employer may be justified in discharging an employee, the question of whether the reason advanced for such discharge amounted to misconduct within the meaning of subdivision 3 of section 593 of the Labor Law is always open for review (Matter of Love [Syracuse China Corp.—Ross], 54 AD2d 775). In the present case the finding of misconduct was based on a single unexcused

absence. There was no evidence presented that claimant was absent on other days when she was required to work, nor is there any evidence of a warning being given claimant concerning absences. No policy or rule of the employer requiring notification in advance of absence was adduced. In our opinion, this one isolated instance of an unexcused absence does not constitute misconduct as contemplated in subdivision 3 of section 593 of the Labor Law (see *Matter of Asselin [Levine]*, 50 AD2d 999). Therefore, the decision, insofar as it disqualified claimant from receiving benefits because of misconduct and charged her with an overpayment of $200, must be reversed. Regarding the board's finding that claimant willfully made a false statement in applying for benefits, such a finding is supported by substantial evidence and, therefore, cannot be disturbed. Claimant maintains that the penalty of a forfeiture of eight effective days resulting from said finding is harsh and excessive. Pursuant to section 594 of the Labor Law, a claimant who has willfully made a false statement to obtain benefits is subject to a forfeiture of benefits for at least four, but not more than 80 days following the discovery of such offense. On this record, we see no reason to disturb the board's imposition of a forfeiture of eight effective days. Decision modified by reversing so much thereof as disqualified claimant from receiving benefits because of misconduct in connection with her employment and charged her with an overpayment of $200 ruled recoverable, matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to claimant. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Herlihy, JJ., concur.