**Dolly M. ROBERTS, Appellee,**

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.**

**Civ. No. 10128.**

Supreme Court of North Dakota.

Nov. 17, 1982.

Ella Van Berkom, Minot, for appellee; argued by Ella Van Berkom, Minot.

Joseph F. Larson, II, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Russel Building, Bismarck, for appellant; argued by Joseph F. Larson, II, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by the North Dakota Workmen's Compensation Bureau (the Bureau) from an order of the District Court of Nelson County, dated September 28, 1981, by which the district court reversed the Bureau's denial of Dolly M. Robert's claim for benefits and remanded the case for further disposition. We affirm the order of the district court.

On April 4, 1979, Dolly was working as a surveyor's helper for Annco, Inc., at a bridge located southeast of McVille, North Dakota. She testified that as she was working with some metal rods along side the bridge she fell to the ground, landing on both feet. She testified that after the fall she was "weak and shaky" and that she told a fellow worker, Karla Christopherson, that she had fallen from the bridge, that she wasn't "able to help her work", and that she would like Karla to take her home. Karla wrote a letter statement about the incident, which was submitted as part of the record without objection by the Bureau, in which Karla stated that although she didn't see Dolly fall from the bridge, "she obviously did from her shaken condition." Karla also stated in her letter that Dolly was "weak and dazed" and seemed "chilled and shaky." Karla stated that she took Dolly home in the afternoon of April 4, 1979, and that Dolly "limped" when she walked toward her home from the car.

Dolly did not return to work for Annco, Inc., subsequent to April 4, 1979. On April

6, 1979, she sought and received medical treatment from Dr. O.D. Sturlaugson.

On April 9, 1979, Dolly filed a claim with the Bureau for benefits under the workmen's compensation fund. The Bureau initially accepted the claim and paid medical expenses for Dolly in an amount totaling $325.35. Upon receiving further information, the Bureau determined that it should not have made payments on the claim, and it dismissed the claim on February 5, 1980.

Dolly requested a hearing which was held on April 17, 1980, after which the Bureau entered an order affirming its dismissal of the claim. Dolly appealed to the district court which reversed the Bureau's order. The Bureau appealed from the district court's order and on appeal has raised the sole issue of whether or not the Bureau's finding that Dolly failed to prove her injuries were caused by her employment-related fall from the bridge is supported by a preponderance of the evidence.

In reaching its determination, the Bureau made a finding that Dolly "fell from a height of approximately five to six feet", and on appeal the Bureau concedes that Dolly fell from the bridge on April 4, 1979, while working for Annco, Inc. The Bureau has also conceded on appeal that Dolly did have injuries as reported by Dr. O.D. Sturlaugson upon examining Dolly on April 6, 1979, specifically, "subluxations of the spine, bruising and sprain to the knees and ankles." The Bureau bases its denial of Dolly's claim for benefits solely upon its finding that Dolly failed to prove her injuries, as described by Dr. Sturlaugson, were caused by her fall from the bridge on April 4, 1979.

The standard this Court must use in reviewing a decision of the district court on an appeal from a decision of an administrative agency is provided under Section 28–32–19, N.D.C.C., which states in part relevant to this case:

"[T]he court shall affirm the decision of the agency unless it shall find that . . . . The findings of fact made by the agency are not supported by a preponderance of the evidence."

In *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979), this Court clarified its scope of review under the "preponderance of the evidence" standard:

"... we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." 283 N.W.2d at 220.

Upon reviewing the record in this case we conclude that a reasoning mind could not have determined, as did the Bureau, that the greater weight of the evidence is that Dolly's injuries were not caused by her fall from the bridge on April 4, 1979, while working for Annco, Inc. We conclude that a reasoning mind could only find that the greater weight of the evidence is that Dolly's injuries, the existence of which have been conceded by the Bureau, were caused by that fall, the occurrence of which is conceded by the Bureau's finding that Dolly fell from a height of five or six feet.

There is not one scintilla of evidence in the record to support an alternative manner by which Dolly might have received her injuries other than by her fall from the bridge on April 4, 1979. In Dr. Sturlaugson's written report, dated April 10, 1979, to the question, "Are you satisfied this is an occupational disease or injury?", he responded, "Yes." In that report, Dr. Sturlaugson described Dolly's injury as follows, "The patient fell several feet off a bridge, landing on her feet, causing subluxations of the spine, bruising and sprain to the knees and ankles." In a supplemental report by Dr. Sturlaugson, dated May 16, 1979, he states, "I am satisfied that this was an industrial injury as the trauma involved indicates some type of injury as she described." An in-house telephone memo written by a Bureau employee states that Dr. Sturlaugson indicated that when he saw Dolly on April 6, 1979, "it was definite the claimant had sustained quite a severe injury and that she was in shock."

Dolly's employer, Annco, Inc., in a letter to the Bureau written by Earl Nelson and dated April 13, 1979, objected to the payment of Dolly's claim for benefits. However, in a subsequent letter to the Bureau also written by Earl Nelson and dated April 20, 1979, Annco, Inc., withdrew its objection to the payment of the claim, stating, "The possibility of the accident is real."

On July 16, 1979, Dolly was also examined by Dr. Charles H. Swenson, M.D., at the Medical Arts Clinic, P.C., in Minot. In his written report, dated July 19, 1979, Dr. Swenson indicated that as a result of Dolly's fall from the bridge she injured her feet, and he provided the following diagnosis: "feet pain—suspect muscle strain. Dependent edema." To the question, "Is present disability due to an occupational disease or injury?" Dr. Swenson responded, "Yes." To the question, "Are you satisfied there is no misrepresentation or malingering in this case?" Dr. Swenson also responded, "Yes."

In denying Dolly's claim, the Bureau found that she was not credible because she has a hysterical personality with hypochondriacal neurosis. In support of its finding, the Bureau submitted the deposition of Dr. Rufino R. Ramos who is a licensed M.D. and a psychiatrist with approximately eight years of practice in the psychiatric field. Dr. Ramos stated his opinion, through his deposition, that Dolly has a hysterical personality which he defines as someone who "overdramatizes events or feelings." However, Dr. Ramos did not examine Dolly until March, 1980, almost one year subsequent to the date she was allegedly injured by her fall from the bridge. Consequently, Dr. Ramos did not claim that he had any basis upon which to give an opinion regarding the legitimacy of those injuries allegedly sustained by Dolly as a result of that accident.

Upon reviewing the record in this case, we conclude that the Bureau's finding that Dolly's injuries were not caused by her employment-related accident on April 4, 1979, is not supported by a preponderance of the evidence.

On appeal, the parties did not raise as an issue the amount of benefits claimed, and we make no determination regarding that matter.

In accordance with this opinion, the order of the district court is hereby affirmed.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.