Janet **SCHADLER**, Petitioner
and Appellant,

v.

**JOB SERVICE NORTH DAKOTA** and
The Baptist Home, Inc., Respondents
and Appellees.

Civ. No. 10786.

Supreme Court of North Dakota.

Feb. 1, 1985.

Anne E. Summers [argued], of Vogel Law Firm, Mandan, for petitioner and appellant.

Sidney J. Hertz [argued], and Michael J. Wilma, Asst. Attys. Gen., Bismarck, for respondent and appellee Job Service N.D.

Lisa J. Wheeler, Bismarck, for respondent and appellee The Baptist Home, Inc.

GIERKE, Justice.

This is an appeal by Janet Schadler from a judgment of the District Court of Burleigh County which affirmed a decision by an appeals referee disqualifying Janet from receiving unemployment benefits. We affirm.

Janet worked as a nurse's aide at the Baptist Home [the Home] in Bismarck from December 6, 1982, until June 2, 1983. Janet was scheduled to start work at 6:00 a.m. on June 2, but she failed to report to work that day and neglected to notify the Home that she would be absent. The assistant director of nurses at the Home testified that two calls were made to Janet between 6:00 and 6:30 a.m. on that date, but there was no answer. Janet stated that her phone did not ring that morning. On June 3, 1983, Janet was informed that she had been terminated from her position at the Home. The Home requires employees to call in sick if they are unable to work and further requires the employee to secure a replacement. If the employee cannot find a replacement, the sick employee must come in to the Home for a physical check.

Janet testified that she had previously been reprimanded by her supervisor through a series of anecdotal notes. An anecdotal note is a written documentation of an employee's work performance. After an anecdotal note is written, signed, and acknowledged by a supervisor, the employee is provided with an opportunity to respond orally and in writing. Janet had been informed that she had neglected her duties on several occasions by, among other things, failing to shave a resident, failing to place a call light within reach of a resident, and "sitting at the nurses [sic] desk when the other aides are working". On June 1, 1983, Janet received an anecdotal note outlining five infractions that occurred on May 26, 1983. She testified that she was hurt, angry, and upset about the June 1, 1983, reprimand and that those feelings caused her absence from work the next day. Janet testified that she is a recovering alcoholic and the stress created by her job was threatening her sobriety.

Janet filed a claim for unemployment compensation benefits with Job Service North Dakota in Bismarck, but her claim was denied. On July 4, 1983, Job Service notified Janet that she was disqualified from receiving benefits because she had been discharged for misconduct. Upon appeal of this determination, an administrative hearing was held on August 16, 1983. Shortly thereafter the appeals referee issued a decision stating that Janet's failure to report to work on June 2d constituted misconduct which disqualified her from re-

ceiving benefits. Janet then requested and was granted Bureau Review. Job Service North Dakota affirmed the referee's decision, which Janet appealed. The District Court of Burleigh County upheld Job Service's disqualification of Janet's unemployment compensation benefits. This appeal followed.

The standard of review on appeal from an administrative agency decision is controlled by § 28–32–19 of the North Dakota Century Code. The following inquiries are made upon review of an administrative agency decision: 1) Are the findings of fact supported by a preponderance of the evidence? 2) Are the conclusions of law sustained by the findings of fact? 3) Is the agency decision supported by the conclusions of law? *Grant Farmers Mut. v. State by Conrad,* 347 N.W.2d 324, 326 (N.D.1984); *Asbridge v. North Dakota State Highway Comr.,* 291 N.W.2d 739, 743 (N.D.1980). This court reviews the decision of the agency rather than the district court's decision. *Perske v. Job Service North Dakota,* 336 N.W.2d 146, 148 (N.D. 1983). We look to the record compiled by the agency. *Application of Nebraska Public Power Dist.,* 330 N.W.2d 143, 146 (N.D.1983); *N.D. Real Estate Commission v. Allen,* 271 N.W.2d 593, 595 (N.D.1978); *Barnes County v. Garrison Diversion, Etc.,* 312 N.W.2d 20, 25 (N.D.1981). In reviewing agency findings, we do not substitute our judgment for that of the agency. *Asbridge, supra.*

Janet makes two assertions on appeal: (1) that the agency's findings are not supported by a preponderance of the evidence; and (2) that she was denied a fair hearing.

## I.

The issue in the instant case is not whether or not the employer had the right to discharge Janet,[1] but rather the issue is whether or not Job Service was justified in denying benefits to Janet because of her conduct. Misconduct which may justify discharge may not always justify a denial of benefits under our unemployment compensation laws.

Job Service concluded that Janet's failure to come to work and her failure to notify the Home of her absence constitutes misconduct which disqualifies her from receiving unemployment compensation benefits. The purpose of unemployment compensation, of course, is to provide insurance for workers who become unemployed through no fault of their own. *Perske, supra.* An individual is disqualified from receiving benefits only after he has been "discharged for misconduct in connection with his last employment". § 52–06–02(2), N.D.C.C. "Misconduct" is not defined in the North Dakota unemployment compensation statutes. However, this court, in *Perske, supra,* implemented a widely accepted definition of misconduct which is enunciated in *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636, 640 (1941). The Wisconsin court stated, in *Boynton, supra,* that misconduct:

"... is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."

In the instant case Janet argues that a single, unexcused absence from work does not constitute "misconduct" as defined above. The record illustrates that Janet failed to appear for work and neglected to notify anyone at the Home of her absence. The next day Janet went in to work and was notified of her termination. At that time she attempted to explain her absence.

---

**1.** The Home's personnel policy manual provides that: "Just cause for immediate dismissal includes but is not necessarily limited to foul and abusive language, insubordination, *one unexcused absence ..."* (emphasis added).

As Janet points out, a number of the cases cited by the appellee which support the finding of misconduct from a single unexcused absence involve additional circumstances which precipitated the absence. The courts have taken inconsistent positions on this issue, depending on the facts and circumstances of each case. *See* Annot., 58 A.L.R.3d 674, §§ 7, 9, 10 (1974 and Supp.1978), and cases cited therein.

■ As the decisions illustrate, the nature of the employee's work is a contributing factor in determining whether or not an employee's single unexcused absence constitutes misconduct. *Parker v. Ramada Inn*, 264 Ark. 472, 572 S.W.2d 409, 411 (1978) [cook's single unexcused absence from work at a restaurant constitutes misconduct]; *Dulgerian v. Com. Unemployment Comp., Etc.*, 64 Pa.Commw. 342, 439 A.2d 1342, 1344 (1982) [dental assistant's single unexcused absence from work constitutes willful misconduct]. The fact that the employer refuse company in *Lamb v. Unemployment Appeals Com'n*, 424 So.2d 197 (Fla.Dist.Ct.App.1983), was not hurt by the employee truck driver's absence was given due consideration in determining whether or not the absence constituted misconduct.

The presence of the nurse's aides at the Baptist Home, a nursing care facility, is of critical importance. The absence of an aide, even for a short period of time, compromises the care given to the residents of the Home. On each shift, three nurse's aides are assigned to a group of 9 to 12 patients for whom they are primarily responsible. In addition to this primary responsibility, each aide is secondarily responsible for the care of patients in other groups. According to the testimony, this type of team approach is required because some of the patients need two aides to care for them at times.

■ It is the employer's burden to establish by a preponderance of the evidence that the employee's acts constitute misconduct which results in a disqualification of benefits. § 28-32-19, N.D.C.C.; *Lord v. Job Service North Dakota*, 343 N.W.2d 92,

94 (N.D.1984). Janet asserts that the agency's findings of fact are not supported by a preponderance of the evidence. Upon review, this court determines only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence. *Roberts v. N.D. Workmen's Comp. Bureau*, 326 N.W.2d 201, 202 (N.D. 1982). After reviewing the record, we conclude that the greater weight of the evidence supports the agency's finding that Janet was terminated because she failed to report for work on June 2, and because she failed to notify the Home of her absence. Janet's actions were in direct violation of the Home's policy regarding absenteeism. *See Ramsey v. Ross*, 63 A.D.2d 1061, 405 N.Y.S.2d 808 (1978), wherein a single unexcused absence did not constitute misconduct resulting in a loss of unemployment compensation benefits in part because the employer had no policy requiring notification in advance of absence.

Further, we determine that the agency's conclusion that Janet's actions constitute misconduct is supported by the findings.

■ Janet's failure to pick up the phone to explain her absence was a conscious decision on her part. She deliberately chose not to phone the Home, with full knowledge of its policy on absenteeism. Her actions constitute willful misconduct as contemplated within the meaning of the North Dakota unemployment statutes. Therefore, under the circumstances of the instant case, Janet's single unexcused absence constitutes misconduct which disqualifies her from receiving unemployment compensation benefits. Janet contends that the Home's policy which requires a sick employee to come in and have her temperature checked is an unreasonable policy. The reasonableness of the Home's policy, however, is not the subject of this appeal.

Finally, we hold that Job Service's decision disqualifying Janet from receiving benefits is supported by its conclusion that

her actions constitute misconduct as defined in North Dakota case law.

## II.

Janet contends that she was denied due process because she did not receive a fair hearing. According to North Dakota case law, a hearing is unfair when the defect complained of might lead to a denial of justice. *In re Township 143 North, Range 55 West, Cass County*, 183 N.W.2d 520, 534 (N.D.1971). Further, both parties should be given equal opportunity to present evidence and such evidence should be carefully considered by the administrative agency. *In re Township, supra.* Janet does not deny that she received an opportunity to present her evidence. However, she asserts that the referee's comments and general tone indicate bias in favor of the employer and that the referee did not give careful consideration to the evidence presented.

Janet asserts that the following comment is indicative of the referee's bias and prejudice: "The claimant has protested that she was not directly responsible for some of the incidents ...". This comment, which is part of the referee's findings, reads further: "... because she was not primarily responsible for the care of those patients". Janet contends that the referee merely summarized the evidence presented at the hearing and that this summarization does not constitute real findings of fact as required by § 28–32–13, N.D.C.C.

This court has stated that agency findings are adequate when "they enable this court to understand the basis of the fact finder's decision". *Matter of Boschee*, 347 N.W.2d 331, 336 (N.D.1984). The fact that the referee's findings may have been inartfully drawn is not a sufficient basis for concluding that the referee was biased.

After reviewing the record and examining in particular the comments asserted by Janet as constituting bias, we conclude that the circumstances do not amount to a denial of justice. We hold that Janet was not denied her due process right to a fair hearing.

Affirmed.

ERICKSTAD, C.J., VANDE WALLE, J., and PEDERSON, Surrogate Judge, concur.

Surrogate Judge PEDERSON participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.