# Lyle S. Johnson v. Department of Employment and Training

[505 A.2d 670]

No. 84-304

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 13, 1985

*Gilbert T. Normand*, Montpelier, for Defendant-Appellant Capital Candy Company, Inc.

*John Delosa*, Montpelier, for Defendant-Appellee.

**Allen, C.J.** Appellant Capital Candy Company, Inc., appeals from the Vermont Employment Security Board's decision that appellant's discharge of an employee was not for "misconduct connected with his work," and therefore that the employee was entitled to unemployment benefits.

The employee was discharged for failing to appear for work on the Tuesday following a three-day weekend. Although he telephoned to say that he would not be in, he failed to give any reason for his absence, either then or the following day when his supervisor asked for an explanation. On the Friday prior to his absence, his supervisor had initiated a discussion concerning his poor attitude at work during the previous month. His supervisor had been left with the impression that the problem had been solved.

The Board upheld determinations by the claims examiner and the appeals referee that the employee's conduct failed to demonstrate substantial disregard for the employer's interests, in view

of the employee's previous excellent work record, and the absence of any warnings concerning absenteeism or tardiness.

Title 21 V.S.A. § 1344(a)(1)(A) disqualifies a claimant for unemployment benefits if he has been discharged for "misconduct connected with his work." A single isolated unexplained day's absence from employment by one with a previous excellent work record and to whom no warnings concerning absenteeism or tardiness have been given does not constitute misconduct as contemplated by the statute. *Ramsey* v. *Ross*, 63 A.D.2d 1061, 405 N.Y.S.2d 808 (1978).

The Board's conclusion that the employee's poor judgment in not reporting to work one day, in light of his prior record, did not justify disqualification for unemployment benefits was not in error.

*Affirmed.*