Diane BLASKOWSKI, Appellee,

v.

NORTH DAKOTA WORKMEN'S
COMPENSATION BUREAU,
Appellant.

Civ. No. 10992.

Supreme Court of North Dakota.

Jan. 7, 1986.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for appellee; argued by James A. Reisnour.

Clare Hochhalter, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for appellant; argued by Mr. Hochhalter.

ERICKSTAD, Chief Justice.

The North Dakota Workmen's Compensation Bureau (Bureau) appeals from the judgment of the district court reversing the Bureau's order to suspend any and all future benefits to the claimant, Diane K. Blaskowski, until such time as the Bureau is subrogated to the extent of fifty percent of Blaskowski's $35,000 settlement with a third party. We reverse the judgment of the district court.

On September 29, 1977, Blaskowski, while working as a bookkeeper for Walt Sanders Chevrolet of Jamestown, North Dakota, was injured when a television monitor fell from its shelf and struck her on

the head. As a result of her injuries, Blaskowski filed a workmen's compensation claim on October 7, 1977. The Bureau accepted Blaskowski's claim and paid benefits totaling $9,669.53.

Blaskowski, through attorney James Reisnour, sued the manufacturer of the television shelf. Reisnour was also granted authority to represent the Bureau in its subrogated interest.[1] In preparation of trial, Blaskowski requested that the Bureau submit a claim for its subrogation interest. The Bureau gave the following itemization of its subrogation interest:

| | |
|---|---|
| Disability compensation | $2,537.13 |
| Doctor's fees | 748.75 |
| Hospital expenses | 714.65 |
| Prescription drug expenses | 2,669.00 |
| Permanent partial impairment | 3,000.00 |
| TOTAL BENEFITS | $9,669.53 |

A settlement agreement between Blaskowski and the manufacturer awarded Blaskowski $35,000. Following the settlement recovery, the Bureau asserted that it was entitled to be reimbursed $6,660.84, for benefits received by Blaskowski pursuant to Section 65–01–09, N.D.C.C.[2] The Bureau also informed Blaskowski that any future benefits would be suspended to the extent of $5,012.95.[3]

Blaskowski reimbursed the Bureau to the extent of $6,660.84 for benefits received by her, but questioned the Bureau's authority to suspend future benefits pursuant to Section 65–01–09, N.D.C.C. The Bureau then passed a resolution stating that any and all future benefits to Blaskowski would be suspended "until such future benefits would be equal to or exceed the sum of $5,012.95."

The order of the Bureau was appealed by Blaskowski and reversed by the district court. The Bureau has now appealed from the judgment of the district court.

1. The Bureau's subrogation interest is established under the following part of Section 65–01–09, N.D.C.C.:

"*65–01–09. Injury through negligence of third person—Option of employee—Fund subrogated when claim filed.* When an injury or death for which compensation is payable under provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and proceed at law to recover damages against such other person. The fund shall be subrogated to the rights of the injured employee or his dependents to the extent of fifty percent of the damages recovered up to a maximum of the total amount it has paid or would otherwise pay in the future in compensation and benefits for the injured employee. The bureau's subrogation interest may not be reduced by settlement, compromise, or judgment."

2. The Bureau is required to pay a part of the costs and attorney's fees incurred during an action against a third party pursuant to Section 65–01–09, N.D.C.C., which provides, in pertinent part, as follows:

"If the action is brought by the injured employee or his dependents, or the employer as provided above, the bureau shall pay fifty percent of the costs of the action, exclusive of attorney fee, when such costs are incurred. Should there be no recovery of damages in the action this shall be a cost of the bureau to be paid from the bureau general fund. When there is recovery of damages in the action the costs of the action, exclusive of attorneys fees, shall be prorated and adjusted on the percentage of the total subrogation interest of the bureau recovered to the total recovery in the action. The bureau shall pay attorney fees to the injured employee's attorney from the bureau general fund as follows:

1. Twenty percent of the subrogation interest recovered for the bureau when legal action is not commenced.

2. Twenty-five percent of the subrogation interest recovered for the bureau when action is commenced and settled before judgment.

3. Thirty-three and one-third percent of the subrogation interest recovered for the bureau when recovered through judgment."

Accordingly, the Bureau's reimbursement for benefits already expended was computed in the following manner:

| | |
|---|---|
| Total benefits expended by Bureau | $ 9,669.53 |
| Less Bureau's share of attorney fees at 25% | 2,417.38 |
| Less Bureau's share of costs at 28% | 1,094.43 |
| Plus Costs advanced by Bureau | 503.12 |
| Reimbursement to be made to Bureau | $ 6,660.84 |

3. The amount of Blaskowski's suspended future benefits was calculated as follows:

| | |
|---|---|
| Bureau's total subrogated interest | $17,500.00 |
| Less total benefits expended by Bureau | 9,669.53 |
| Total benefits suspended by Bureau | $ 7,830.47 |
| Less Bureau's share of attorney fees at 25% | 1,957.61 |
| Less Bureau's share of costs at 22% | 859.91 |
| Net benefits suspended by Bureau | $ 5,012.95 |

■ The issue on appeal is whether or not Section 65–01–09, N.D.C.C., grants the Bureau authority to suspend a claimant's future benefits in this way. We hold that Section 65–01–09 does grant the Bureau such authority.

The Administrative Agencies Practice Act requires that we affirm the decision of the agency unless we find that one of the following is present:

"1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

3. Provisions of this chapter [28–32] have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decision of the agency are not supported by its findings of fact." § 28–32–19, N.D.C.C.

*North Dakota Real Estate Commission v. Boschee,* 347 N.W.2d 331, 335 (N.D.1984); *Asbridge v. North Dakota State Highway Commissioner,* 291 N.W.2d 739, 743 (N.D. 1980). The issue before our Court involves Subsection (1)—whether or not the decision of the Bureau was in accordance with Section 65–01–09, N.D.C.C.

■ In an appeal involving a decision of an administrative agency, we review the decision of the agency rather than the decision of the district court and, accordingly, we look to the record compiled by the agency. *Schadler v. Job Service of North Dakota,* 361 N.W.2d 254, 256 (N.D.1985); *Application of Nebraska Public Power District,* 330 N.W.2d 143, 147 (N.D.1983).

The pertinent part of Section 65–01–09 reads as follows:

"The fund shall be subrogated to the rights of the injured employee or his dependents to the extent of fifty percent of the damages recovered up to a maximum *of the total amount it has paid or*

*would otherwise pay in the future* in compensation and benefits for the injured employee." [Emphasis added.]

Blaskowski argues that this part of Section 65–01–09 should be construed to prohibit the Bureau from suspending future benefits when the Bureau has already been reimbursed for past benefits paid.

■ The purpose of the Bureau's subrogation rights is to reimburse the fund, to the extent possible, at the expense of the persons at fault. *Gernand v. Ost Services, Inc.,* 298 N.W.2d 500, 505 (N.D.1980); *Sayler v. Holstrom,* 239 N.W.2d 276, 283 (N.D. 1976); *Breitwieser v. State;* 62 N.W.2d 900, 903 (N.D.1954). In 1965 the Legislature reduced the Bureau's right to subrogation of third-party recoveries from one-hundred percent to fifty percent. 1965 N.D.Sess. Laws, Ch. 452. This change apparently was made to induce employees to bring actions against third parties who were at fault. Minutes of SB 2143, 1981 N.D.Sess. Laws, Ch. 641. An obvious result of this change was that the Bureau received less subrogation from third-party recoveries. The Bureau responded to this decreased subrogation by adopting policies that more thoroughly protected the remainder of its subrogation interest. Minutes of SB 2143, 1981 N.D.Sess. Laws, Ch. 641.

■ Prior to 1981, the pertinent part of Section 65–01–09 stated:

"The fund shall be subrogated to the rights of the injured employee or his dependants to the extent of fifty percent of the damages recovered *up to a maximum of the total amount paid or to be paid in compensation and benefits ...*" [Emphasis added.]

The purpose of changing the language of the statute from, "paid or to be paid" to, "it has paid or would otherwise pay in the future," was to "clarify the language," and no substantive change was intended. Drafter's notes on SB 2143, 1981 N.D.Sess. Laws, Ch. 641. An additional change made to Section 65–01–09 in 1981 was the addition of the clause: "The bureau's subrogation interest may not be reduced by settle-

ment, compromise, or judgment." 1981 N.D.Sess. Laws, Ch. 641. These two changes made statutory the Bureau's policies that were designed to ensure the Bureau received its fifty percent subrogation interest. Minutes on SB 2143 (1981).

To construe Section 65–01–09 so as to prevent the Bureau from suspending future benefits would hinder the Bureau's efforts to enforce its subrogation rights and would be contrary to the intent of the Legislature.

■ Next, Blaskowski argues that if the Bureau intended to suspend future benefits, it should have indicated such in its claimed subrogation interest prepared by the Bureau for Blaskowski in preparation of trial, and that failure to do so should result in the Bureau losing any right to suspend future benefits. The statute, however, does not require the Bureau to make predictions regarding possible future costs resulting from possible future claims which may or may not arise.

We realize that a claimant, in an action against a third party, will need evidence of anticipated future expenses to recover damages for such expenses. This is a claimant's usual burden and should not shift merely because workmen's compensation benefits are involved.

■ Finally, Blaskowski asserts that "[u]nder the Bureau's interpretation of NDCC § 65–01–09, through its subrogation interest, it automatically and arbitrarily receives one-half of each and every recovery regardless of what its claimed subrogation interest is at the time of recovery."[4] We do not agree. Under its present policy, the Bureau does not automatically receive one-half of every recovery, nor will it automatically receive one-half of Blaskowski's recovery. The Bureau only receives one-half of a recovery if it pays benefits which add up to one-half of the recovery. In the

present case, the Bureau has not yet received one-half of Blaskowski's third-party recovery and will not receive one-half of Blaskowski's recovery unless Blaskowski incurs future expenses and only then when those future expenses, when added to the Bureau's share of attorney fees and costs, equal the amount of benefits that have been suspended.

As the method of computing the suspended benefits has not been criticized as distinguished from the allowance of suspended benefits, we shall assume the calculation of the amount of suspended benefits to be correct.

For the reasons stated in this opinion, we believe the Bureau correctly construed Section 65–01–09. Accordingly, we reverse the judgment of the district court and affirm the order of the Bureau.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

4. The district court apparently agreed with this argument, stating in its order:

    "That the North Dakota Workmen's Compensation Bureau is not entitled to arbitrarily and automatically claim their subrogation interest to equal one half of the recovery given

to Diane Blaskowski and shall not suspend any future benefits to which Diane Blaskowski might be entitled under the North Dakota Workmen's Compensation Act as a consequence of her injury of September 29, 1977."