**Caroline ELI, Plaintiff and Appellant,**

v.

**GRIGGS COUNTY HOSPITAL AND NURSING HOME; Board of Directors of the Griggs County Hospital and Nursing Home Association; and Richard P. Spilovy in his capacity as Hospital Administrator of the Griggs County Hospital and Nursing Home, Defendants and Appellees.**

Civ. No. 11011.

Supreme Court of North Dakota.

April 10, 1986.

Henry H. Howe, argued, Howe & Seaworth, Grand Forks, for plaintiff and appellant.

James W. Wold, Luverne, North Dakota; and Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for defendants and appellees; argued by Jeffrey Hannig.

GIERKE, Justice.

This is an appeal by Caroline Eli from a judgment entered which dismissed Caroline's claims against Griggs County Hospi-

tal and Nursing Home for wrongful termination of employment and defamation. We affirm.

Caroline Eli was employed as a nurses' aide at the Griggs County Hospital and Nursing Home [Griggs] from August 23, 1978, until September 28, 1982. Caroline did not sign a written employment contract with Griggs. At the time of her termination she was earning $4.10 per hour for a forty-hour work week. Caroline received two weeks' severance pay when she was fired.

On September 26, 1982, an incident occurred which precipitated her termination. Between 3:30 p.m. and 4:00 p.m. that day, Caroline went to the dining room of the nursing home for her afternoon break. Two witnesses testified that, during this afternoon break, Caroline made offensive and derogatory remarks about her supervisor and Griggs in general in the presence of residents of Griggs and visitors. The remarks included statements like "God damn ... [supervisor], we're working short and we got to do the God damn laundry", and "If ... [supervisor] would get her fat ass down here and work the floor". Both witnesses testified that residents and visitors appeared offended by Caroline's remarks.

On September 27, 1982, one of the staff members who had overheard Caroline's remarks reported the incident to the supervisor. The supervisor, believing this to be an administrative problem, notified the administrator of the facility. The administrator in turn requested written statements from the supervisor and the staff member who had been present as to the substance of the

conversation. He then arranged a meeting with Caroline for the afternoon of September 28, 1982.

At the September 28 meeting, the administrator gave Caroline a letter of termination of employment. The reason stated for her termination was "breach of confidentiality of both patient-specific and facility-specific information". The supervisor also informed Caroline of the grievance procedures available to her. On September 29, 1982, Caroline wrote a letter directed to the board of directors of Griggs requesting a hearing on her termination and requesting reinstatement.

The board of directors met on October 21, 1982, and Caroline was afforded an opportunity to present her version of the incident. Caroline refused to exercise this option because the identity of the staff member who reported her to the supervisor was not revealed to her. The board knew the identity of Caroline's accuser but chose to honor a request for anonymity.

Caroline was ultimately offered reinstatement, with back pay, raises, and full seniority. She refused the offer because the board of directors would not acknowledge that the termination was wrongful and would not reveal the identity of her accuser. Further, she feared she would simply be fired again if she went back to work.

■ Caroline was terminated for "repeated breach of confidentiality of both patient-specific and facility-specific information"[1]. "Breach of confidentiality" is ground for termination set forth in the Personnel Policies of Griggs.[2]

1. The letter of dismissal reads, in part, as follows:
"This letter shall serve as written notice of your discharge from the Griggs County Hospital and Nursing Home Association because of repeated breach of confidentiality of both patient-specific and facility-specific information. "I have been informed by Department heads and witnesses that this past weekend you *emphatically discussed alleged staffing problems, problems with nursing supervisors, and concerns about the operation of the facility* in a demeaning, derogatory manner in the presence of two Nursing Home residents, two

visitors, and other employees. [Emphasis added.]
"On two previous occasions, your husband has discussed facility-specific and patient-specific information with me, indicating that you had discussed these concerns with him. On one occasion, you accompanied him.
"These repeated actions are in clear violation of facility policies and are not in the best interest of patients and residents."

2. The Personnel Policies in pertinent part reads as follows:

Caroline's remarks and behavior do not constitute a breach of confidentiality falling within the traditionally protected classes of confidentiality, *e.g.*, General Index, CONFIDENTIAL INFORMATION, North Dakota Century Code, Vol. 14 (Repl. 1985 ed.) p. 237. Nor do the Personnel Policies of Griggs offer a definition of the confidentiality which Caroline breached.

We look instead to the nature of Caroline's employment, the record, and Caroline's remarks and behavior to determine whether a confidentiality has been breached.

The presence of an adequate support staff at a nursing care facility is of the utmost importance. The peace of mind of the residents and, consequently, the reputation of the facility are dependent on the physical and emotional care of the residents provided by the staff members. Caroline's statement "God damn ... [supervisor], we're working short and we got to do the God damn laundry" directly criticizes the care immediately available to the residents. *See, Schadler v. Job Service North Dakota*, 361 N.W.2d 254, 257 (N.D.1985). Given the particular needs of the residents of a health care facility, a shortage of staff may prove to be life-threatening.

The letter of dismissal must be read as a whole. It initially lists the ground for termination. It then elaborates on Caroline's remarks and that her remarks included a discussion of problems with staffing, nursing supervisors, and operation of the facility. Given the nature of Caroline's employment and the high standard of care persons reasonably expect from a nursing care facility, her behavior in the presence of residents and visitors can be interpreted to justify termination for breach of confidentiality.

The second issue on appeal is whether the trial court erred in concluding that there was not actionable defamation. Ca-

roline contends that Griggs defamed her when it included in her personnel file the statement that her employment was terminated for breach of confidentiality.

Defamation is classified as either libel or slander. § 14–02–02, N.D.C.C. "Civil libel" is defined in § 14–02–03, N.D.C.C., as:

"Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

"Civil slander" is defined in § 14–02–04, N.D.C.C., as:

"Slander is a false and unprivileged publication other than libel, which:

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

"2. Imputes to him the present existence of an infectious, contagious, or loathsome disease;

"3. Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

"4. Imputes to him impotence or want of chastity; or

"5. By natural consequence causes actual damage."

The trial court found that Caroline had made the remarks she was accused of making; therefore, the information in personnel files was not false.

■ In order to be libelous or slanderous, and therefore defamatory, the statement must first be false. §§ 14–02–03,

---

"CONFIDENTIALITY

"Employees are expected to respect the confidentiality of patient, employee, and facility specific information. Breach of confidentiality may be just cause for immediate termination.

"No employee shall give any information to any news media or outside entity respecting the status, diagnosis or condition of any patient unless duly authorized by the Administrator."

14-02-04, N.D.C.C.; *Meier v. Novak*, 338 N.W.2d 631, 635 (N.D.1983).

 We conclude that the trial court was not clearly erroneous when it determined that these remarks were made by Caroline. Therefore, the information contained in the file is not defamatory.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

LEVINE, J., concurs in result.