Richard D. LAWSON, Appellee,

v.

NORTH DAKOTA WORKMEN'S
COMPENSATION BUREAU,
Appellant.

Civ. No. 11415.

Supreme Court of North Dakota.

June 30, 1987.

| | | |
|---|---|---|
| Less Bureau's costs ........... | $ | 795.44 |
| Net suspended Benefits ........ | $ | 33,957.51 |

"Net Reimbursement to Bureau for Expended Benefits:

| | | |
|---|---|---|
| Total Expended Benefits ....... | $ | 53,662.73 |
| Less Bureau's attorney's fees .. | $ | 13,415.68 |
| Less Bureau's costs ........... | $ | 921.10 |
| Reimbursement to Bureau ..... | $ | 39,325.95" |

Pringle & Herigstad, Minot, for appellee; argued by Lynn M. Boughey.

Clare R. Hochhalter, Asst. Atty. Gen., Workmen's Compensation Bureau, Russel Building, Bismarck, for appellant.

GIERKE, Justice.

The North Dakota Workmen's Compensation Bureau (Bureau) appeals from a decision by the Northwest Judicial District Court, finding that the Bureau's determination of its obligation for costs under § 65–01–09, N.D.C.C., is unlawful. We affirm.

In August 1984, Richard D. Lawson (Lawson) was injured while employed as a roughneck for Kent Drilling Company, Williston, North Dakota. Shortly thereafter, Lawson filed a claim with the Bureau which was accepted and received benefits totalling $53,662.73.

Lawson then initiated a lawsuit against a third party for his injury, which he settled for $200,000.00. Lawson incurred a bill of $3,433.07 for costs expended in the prosecution of his third-party claim. Lawson informed the Bureau of the settlement and total costs and, in response to this notice, the Bureau computed its subrogation interest and requested reimbursement pursuant to § 65–01–09, N.D.C.C. The Bureau's computation revealed:

| | |
|---|---|
| "Total Third Party Recovery ..... | $200,000.00 |
| "Costs in Third Party Recovery... | $ 3,433.07 |

"Bureau's Subrogated Interest in Third Party Recovery:

| | |
|---|---|
| Suspended Benefits ........... | $ 46,337.27 |
| Expended Benefits ............ | $ 53,662.73 |
| Bureau's Total Subrogated Interest ....................... | $100,000.00 |

"Net Amount Suspended Benefits:

| | |
|---|---|
| Total Suspended Benefits ...... | $ 46,337.27 |
| Less Bureau's attorney's fees .. | $ 11,584.32 |

After Lawson received the Bureau's computation, a dispute arose over the Bureau's authority to prorate and apportion its obligation, under § 65–01–09, N.D.C.C., to pay fifty percent of the costs that Lawson had incurred in prosecuting his third-party claim.

Lawson contested the Bureau's apportionment and proration of costs, asserting that the Bureau is required, under § 65–01–09, N.D.C.C., to pay fifty percent of the costs incurred in prosecuting a third-party lawsuit. Therefore, Lawson reduced its reimbursement to the Bureau by $795.44. The Worker's Compensation Commissioners issued an administrative order rejecting Lawson's contention that he was entitled to the full compensation of fifty percent of the litigation costs and ordered that the disputed $795.44 be remitted to the Bureau. Lawson appealed the Commissioners' order to the district court. The district court reversed the administrative order and held that Lawson was entitled to the balance of the costs. This appeal followed.

In the instant action, we are asked, once again, to review the validity of the Bureau's formula in computing its subrogation interest under § 65–01–09, N.D.C.C. *See, Blaskowski v. North Dakota Workmen's Compensation Bureau,* 380 N.W.2d 333 (N.D.1986); *Kelsh v. North Dakota Workmen's Compensation Bureau,* 388 N.W.2d 870 (N.D.1986); and *State by Workmen's Compensation Bureau v. Clary,* 389 N.W.2d 347 (N.D.1986). The issue on appeal is whether § 65–01–09, N.D.C.C., grants the Bureau authority to apportion and prorate its obligation *to pay costs* incurred by an employee in prosecuting a claim against a third party. The pertinent language contained in § 65–01–09, N.D.C.C., states:

"When an injury or death for which compensation is payable under provisions of

this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and proceed at law to recover damages against such other person.... If the action is brought by the injured employee or his dependents, or the employer as provided above, the bureau shall pay fifty percent of the costs of the action, exclusive of attorney fee, when such costs are incurred.... When there is recovery of damages in the action the costs of the action, exclusive of attorneys fees, shall be prorated and adjusted on the percentage of the total subrogation interest of the bureau recovered to the total recovery in the action...."

■ Pursuant to the Administrative Agencies Practice Act, Chapter 28–32, N.D. C.C., we must affirm an administrative agency's decision unless presented with an issue encompassed in § 28–32–19, N.D.C.C. *See*, Sections 28–32–21 and 28–32–19, N.D. C.C. Accordingly, pursuant to § 28–32–19(1), N.D.C.C., we review the Worker's Compensation Commissioners' decision to determine whether it is in accordance with the law. In reviewing the determination of an administrative agency, we look to the decision of the agency and not the district court in our adjudication of the matter. *Schadler v. Job Service North Dakota*, 361 N.W.2d 254, 256 (N.D.1985).

Lawson contends that the formula utilized by the Bureau, separating costs as suspended benefits and expended benefits instead of listing the total amount of costs as expended benefits, violates the plain language of § 65–01–09, N.D.C.C. In the instant action, Lawson argues that the Bureau should consider fifty percent of the costs that he incurred in pursuing his third-party claim, or $1,716.54, as expended benefits in the Bureau's computation of its subrogated interest since this amount represents half of his actual costs. In other words, Lawson contends that because the statutory formula is not ambiguous (*"the bureau shall pay fifty percent of the costs of the action, ... when such costs are*

incurred) (Section 65–01–09, N.D.C.C., emphasis added), he is entitled to receive reimbursement for the entire fifty percent of his costs. Accordingly, when costs are determined to be $3,433.07, the Bureau's obligation is easily computed at fifty percent thereof, or $1,716.54.

Under the Bureau's complicated computation formula for reimbursement of costs, costs are limited to the percentage of total expended benefits ($53,662.73) divided by Lawson's total recovery ($200,000.00) or 26.83%. This amount totals $921.10. The remaining 23.17%, or $795.44, which the Bureau is statutorily required to reimburse Lawson under § 65–01–09, N.D.C.C., is "suspended" and the Bureau credits this amount to its suspended subrogation interest.

The Bureau argues that its apportionment of costs is lawful under its subrogation formula and has been tacitly approved by this Court. *See, Blaskowski, supra; Clary, supra.* However, the Bureau misconstrues our approval of the formula utilized by the Bureau in determining its subrogation interest under § 65–01–09, N.D. C.C., with the present formula, under which it determines its prorated and adjusted obligation for costs. Both parties agree that the issue presented in the instant case, relating to the correct distribution of costs pursuant to § 65–01–09, N.D.C.C., is not controlled by our approval of the Bureau's formula in computing its subrogation interest pursuant to § 65–01–09, N.D.C.C. *See, Blaskowski, supra; Clary, supra.* Moreover, this issue was expressly passed on by the Court in *Blaskowski* where we stated:

"As the method of computing the suspended benefits has not been criticized as distinguished from the allowance of suspended benefits, we shall assume the calculation of the amount of suspended benefits to be correct." *Blaskowski*, 380 N.W.2d at 336.

Therefore, correctness of the Bureau's calculation of costs clearly is an open question under North Dakota law.

■ We do not believe that the language in § 65–01–09, N.D.C.C., requires such a

complicated formulation in determining the Bureau's obligation to an employee for costs incurred in prosecuting a claim against third parties. The language creating the statutory formula for costs found in § 65–01–09, N.D.C.C., although somewhat ambiguous, proclaims that when costs are incurred, the Bureau shall pay fifty percent. This result is consistent with the desired end of § 65–01–09, N.D.C.C., in keeping with our construing provisions of Title 65 liberally, in favor of the injured worker.

The Bureau also contends that adopting Lawson's argument, relating to the formulation of costs under § 65–01–09, N.D.C.C., would be inconsistent with the long-standing practice of the Bureau and that we should give weight to the Bureau's practice and construction in our interpretation of the statutory language and legislative intent. Additionally, the Bureau argues that the statute should be liberally construed in favor of the Bureau in accordance with the purpose embodied in § 65–01–09, N.D.C.C., of reimbursing the Bureau, at third parties' expense, for funds it has expended in benefits to injured employees.

■ We believe that it is axiomatic that an administrative agency's duty is to administer the law, while it is the exclusive province of this Court to breathe life into it and determine its meaning in settling disputes. *See,* N.D. Const. art. XI, § 26; *State ex rel. Spaeth v. Meiers,* 403 N.W.2d 392 (N.D.1987); *see also,* N.D. Const. art. III, § 1, *Trinity Medical Center v. North Dakota Board of Nursing,* 399 N.W.2d 835 (N.D.1987); *see also,* Sections 1–01–03(7) and 1–02–38, N.D.C.C. Similarly, the purpose and intent of Title 65, N.D.C.C., is to protect the injured worker and ensure the prosperity of the State by protecting its wage workers. Section 65–01–01, N.D.C.C. As such, the provisions in Title 65, N.D.C.C., should be liberally construed in favor of the worker. *See, Brown v. North Dakota Workmen's Compensation Bureau,* 152 N.W.2d 799, 801 (N.D.1967). Correspondingly, we are not certain that the purpose of § 65–01–09, N.D.C.C., is limited to reimbursing the Bureau for its expenditures. It is clear that by amending § 65–01–09,

N.D.C.C., in 1965 that the Legislature intended this statutory provision as an incentive for the worker to pursue and litigate legal claims against culpable third parties. *Blaskowski* at 335. The Bureau's proffered cost formulation militates against this desired end.

■ The Bureau's final argument asserts that under the construction proffered by Lawson regarding reimbursement of costs incurred under § 65–01–09, N.D.C.C., part of the language of the statute is rendered idle. The Bureau specifically refers to the following language:

"When there is recovery of damages in the action the costs of the action, exclusive of attorneys fees, *shall be prorated and adjusted on the percentage of the total subrogation interest of the bureau recovered to the total recovery in the action."* [Emphasis added.]

While § 65–01–09, N.D.C.C., may create an ambiguity in reference to the Bureau's obligation for costs through the insertion of this language, we find that any ambiguity must be interpreted in favor of the worker, Lawson, and in pursuit of the legislative intent, providing a greater incentive to the injured worker to prosecute third-party claims. Accordingly, while we sanction the Bureau's method of computing its subrogation interest pursuant to § 65–01–09, N.D.C.C., we cannot extend our approval to its apportionment and proration of costs. Therefore, we hold that the Bureau must pay fifty percent of the costs incurred by an employee prosecuting a third-party claim and affirm the decision of the district court, ordering the Bureau to pay the balance of costs incurred by Lawson in litigating his claim against a third party pursuant to § 65–01–09, N.D.C.C.

ERICKSTAD, C.J., VANDE WALLE and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, S.J., sitting in place of MESCHKE, J., disqualified.