2011 ND 204

**Wanda GOTTUS, Petitioner
and Appellant**

v.

**JOB SERVICE NORTH DAKOTA,
Respondent and Appellee**

and

**Service Oil Inc., Respondent.**

No. 20110127.

Supreme Court of North Dakota.

Oct. 18, 2011.

Meredith L. Vukelic (argued) and Bradley D. Peterson (appeared), Legal Services North Dakota, Bismarck, N.D., for petitioner and appellant.

Michael T. Pitcher (argued), Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Wanda Gottus appealed from a district court judgment affirming the decision of Job Service North Dakota denying her unemployment benefits and concluding she was discharged for actions constituting misconduct. We hold Job Service's decision that Gottus was discharged from her job for misconduct is supported by a preponderance of the evidence, and we affirm.

I

[¶ 2] In January 2008, Gottus began working as a cashier for Service Oil Inc. d/b/a Stamart. In addition to acting as a cashier, Gottus's job duties included attending to the store's shelves, light cleaning, and other similar tasks. Gottus's employment with Stamart ended in August 2010 when she was discharged for poor job performance. Gottus subsequently filed for unemployment insurance benefits. Job Service initially approved Gottus for unemployment benefits indicating she was not discharged for misconduct. Stamart appealed this decision, and a telephone hearing was held before an appeals referee.

[¶ 3] The testimony and evidence presented during the hearing revealed there were at least sixteen instances when Gottus's job performance fell below the level expected of Stamart employees. According to the written warnings admitted into evidence at the hearing, Gottus's deficient conduct included failing to give cash advances to drivers, standing idle, carrying on nonwork-related conversations with customers, and leaving a roll of dimes on the counter. However, the warnings reveal the most numerous instances of deficient conduct involved Gottus being either "long" or "short" on her register. A Stamart manager testified, being "long" on a register occurs when a cashier, at the end of a shift, has too much money in the register relative to the amount of goods sold as recorded by the register, while being "short" occurs when there is too little money in the register at the end of the shift. Stamart's manager further stated, typically, a register is "long" or "short" because a customer did not receive the correct change for his or her purchases. There was no suggestion any of the discrepancies were caused by Gottus taking money for herself.

[¶ 4] After the hearing, the appeals referee found Stamart issued numerous warnings to Gottus regarding her work performance, and the warnings were related to the quality of her work and the cash shortages and longs on her register. The appeals referee further found after Stamart warned Gottus of her work inadequacies her job performance would show improvement. Based on this finding, the referee concluded Gottus was discharged for misconduct and reversed the initial determination that Gottus was eligible for unemployment benefits.

[¶ 5] Gottus appealed the referee's decision and sought bureau review. The bureau reviewed the record and affirmed the referee's decision. Gottus then petitioned for judicial review. Gottus argued her job performance was merely unsatisfactory but did not constitute misconduct. The district court rejected Gottus's argument and affirmed Job Service's decision. Gottus appealed.

II

[¶ 6] On appeal, Gottus argues Job Service's conclusion she engaged in mis-

conduct disqualifying her from unemployment benefits is not supported by a preponderance of the evidence. Gottus asserts Stamart established her work performance was unsatisfactory but failed to meet its burden of proving her unsatisfactory performance constitutes misconduct justifying denial of benefits.

[¶ 7] In an appeal from a district court's review of an administrative agency decision, we review the agency's decision, not the district court's decision. *Spectrum Care v. Stevick*, 2006 ND 155, ¶ 8, 718 N.W.2d 593. Under N.D.C.C. §§ 28–32–46 and 28–32–49, we must affirm the agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46; *Spectrum Care*, 2006 ND 155, ¶ 8, 718 N.W.2d 593. Under N.D.C.C. § 52–06–02(2), a person discharged for misconduct is ineligible to receive unemployment benefits. *Schmidt v. Job Serv.*, 2008 ND 188, ¶ 16, 756 N.W.2d 794. This Court has established that misconduct in the context of a claim for unemployment benefits is:

> "[L]imited to conduct evincing such, wilful [sic] or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute."

*Perske v. Job Serv.*, 336 N.W.2d 146, 148–49 (N.D.1983) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941)). The employer bears the burden of proving by a preponderance of the evidence a discharged employee's conduct amounted to misconduct. *Spectrum Care*, 2006 ND 155, ¶ 10, 718 N.W.2d 593 (citing *Schadler v. Job Serv.*, 361 N.W.2d 254, 257 (N.D.1985)). Further, "[c]onduct that is grounds for dismissal does not necessarily preclude the employee from receiving unemployment benefits." *Id.* (citing *Perske*, 336 N.W.2d at 148). Finally, when determining whether an employee's actions rise to the level of misconduct, the nature of the employment is also a consideration. *Johnson v. Job Serv.*, 1999 ND 42, ¶ 12,

590 N.W.2d 877 (citing *Holiday Inn v. Karch*, 514 N.W.2d 374, 376 (N.D.1994)).

[¶ 8] Whether an employee's conduct constitutes misconduct is a mixed question of fact and law. *Spectrum Care*, 2006 ND 155, ¶ 9, 718 N.W.2d 593. The evidence must support the findings of fact, and the findings of fact must support the conclusion regarding misconduct. *Id.* If the case involves disputed facts, we apply a deferential standard of review "to Job Service's factual conclusions and ascertain only whether a reasoning mind could have reasonably determined the factual conclusions were proven by a preponderance of the evidence." *Id.* However, when the facts are undisputed, "we review the legal conclusion anew." *Id.*

III

[¶ 9] Gottus admits that there are no undisputed facts and that contradictory inferences cannot reasonably be drawn, thereby requiring this Court to review Job Service's legal conclusion anew. According to the record, Gottus was issued numerous written warnings regarding the quality of her work while employed by Stamart. Many of these warnings involved occasions when she was either "short" or "long" on her register.

[¶ 10] In his decision, the referee stated: "The claimant was advised of her in-adequacies and for a time, her work performance would improve." The temporary improvements in Gottus's job performance following written warnings demonstrate Gottus was capable of performing her job competently. Because Gottus was able to carry out her job responsibilities, her failure to do so after numerous warnings is the type of "carelessness or negligence" that "show[s] an intentional and substantial disregard of the employer's interests." *See Perske*, 336 N.W.2d at 148.

[¶ 11] We conclude Job Service's findings of fact are supported by a preponderance of the evidence, and its conclusion that Gottus's actions constitute disqualifying misconduct is supported by the findings.

[¶ 12] We affirm the district court's judgment affirming Job Service's decision denying Gottus unemployment benefits.

[¶ 13] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.