**HOLIDAY INN, West Acres, Fargo, Wold Properties, Inc., dba, Petitioner and Appellant,**

v.

**Irene KARCH and Job Service North Dakota, Respondents and Appellees.**

Civ. No. 930318.

Supreme Court of North Dakota.

March 30, 1994.

MESCHKE, Justice.

Holiday Inn of Fargo appeals from an order by Job Service North Dakota awarding unemployment benefits to Irene Karch. We affirm.

Holiday Inn employed Karch for 20 years, the last four years as a restaurant hostess. Six to eight weeks before Christmas, Karch told her supervisor she wanted Christmas Day off. The supervisor did not grant or deny this request, but simply "dropped it" until December 23. When asked on December 23 if she would be working Christmas Day, Karch reminded the supervisor that she "would not be working," but was told management had refused her request. Believing until then Holiday Inn was going to find a replacement for her, Karch refused to work on Christmas Day.

When Karch returned to work on her next usually scheduled day, her timecard had been pulled and she was told to leave. Karch claimed unemployment benefits. After a claims deputy ruled that Karch was entitled to benefits, an appeals referee for Job Service found that Karch disobeyed a reasonable order and was discharged for misconduct. The Executive Director found that, "[i]n view of the initial response given to the claimant by her supervisor ..., it was reasonable to assume that the claimant would not be working on Christmas Day," concluded Karch was eligible for benefits, and reversed the referee's decision. The District Court affirmed the director's decision, and Holiday Inn appeals.[1]

■ On appeal, Holiday Inn argues Karch is ineligible for benefits because she either quit without good cause or was discharged for misconduct. Job Service argues that Karch was discharged against her will for behavior that was not disqualifying misconduct. We agree.

Our standard of review for unemployment benefit decisions was recently summarized in *Hulse v. Job Service North Dakota*, 492 N.W.2d 604, 606 (N.D.1992) (citations omitted):

Wold, Johnson, Feder, Brothers, Beauchene & Schimmelpfennig, Fargo, for petitioner and appellant; argued by Robert A. Feder.

Douglas A. Bahr (argued), Asst. Atty. Gen., Attorney General's Office, Bismarck, for respondents and appellees.

1. Holiday Inn relies on the findings of the appeals referee and asks us to reinstate his decision. However, we review only the final decision of the agency. *Speedway, Inc. v. Job Service North Dakota*, 454 N.W.2d 526, 528 (N.D.1990).

"[W]hen an administrative agency decision is appealed to this court from a district court, we review the final decision of the agency and not that of the district court." ... Our review of a mixed question of fact and law involves a determination of whether the evidence supports the agency's findings of fact and, in turn, whether those findings of fact sustain the agency's conclusion.... If confronted with disputed facts, we defer to the agency's factual conclusions and consider only whether a reasoning mind could have reasonably determined that the factual conclusions were proved by a preponderance of the evidence.

■ When determining eligibility for unemployment benefits, Job Service must first decide whether the employee quit or was fired. An employee who voluntarily leaves is ineligible unless the employee shows good cause attributable to the employer. NDCC 52–06–02(1); *Sonterre v. Job Service North Dakota*, 379 N.W.2d 281, 285 (N.D.1985). A discharged employee is eligible unless the employer proves misconduct. NDCC 52–06–02(2); *Schadler v. Job Service North Dakota*, 361 N.W.2d 254, 257 (N.D.1985). Whether an employee quit or was fired depends on the circumstances and is a factual decision.

■ An employee voluntarily quits if the person freely chooses to stop working for the employer. *See Dingmann v. Travelers Country Club*, 420 N.W.2d 231 (Minn.App. 1988); 76 AmJur2d *Unemployment Compensation* § 104 (1992). In this case, Karch was asked on December 23 if she was quitting and she said no. Karch also attempted to return to work on her first usual workday after December 25. From this evidence, Job Service concluded that Karch did not voluntarily leave and was "discharged." This finding is reasonably supported by the greater weight of the evidence.

Once Job Service finds that an employee did not quit, it must also decide if the employee was discharged for misconduct. As we said in *Hulse*, 492 N.W.2d at 606, "[t]he determination of whether a person's behavior

constitutes misconduct is a mixed question of fact and law."

Termination for misconduct is "an exception to this state's remedial unemployment compensation laws," and will be narrowly construed in favor of awarding benefits. *Hulse*, 492 N.W.2d at 607. Whether an employee's behavior is misconduct depends in part on the nature of the work. *Neubauer v. Job Service North Dakota*, 512 N.W.2d 428, 431 (N.D.1994); *Schadler*, 361 N.W.2d at 257.

Misconduct

"is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of [the] employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to [the] employer."

*Neubauer*, 512 N.W.2d at 431 (citation omitted). As we said in *Hulse*, 492 N.W.2d at 608 (citation omitted), "[w]hen the conduct ... is an isolated incident, 'the connection between the conduct and the impact or potential impact on the employer's interests must be especially close.'"

Job Service agrees Holiday Inn could discharge Karch at will. The question here is whether Job Service properly concluded Karch was eligible for unemployment benefits.[2] Karch notified Holiday Inn six to eight weeks in advance that she wanted Christmas Day off. Job Service found that Karch's supervisor indicated in November this request could be accommodated, and that Karch could reasonably assume from this prior conversation she would not have to work on Christmas Day. Holiday Inn claims that these findings are not supported by any evidence in the record. Specifically, it argues that the silence of Karch's supervisor gave no indication this "request" would be

---

**2.** Holiday Inn argues that any violation of an employee's duty to obey the employer is misconduct. However, "[m]isconduct which may justify discharge may not always justify a denial of benefits under our unemployment compensation laws." *Schadler*, 361 N.W.2d at 256.

granted and disputes whether Karch's reliance on this silence was reasonable.

Holiday Inn admits Karch had been a good employee. Her decision not to work was at most an isolated instance of bad judgment. For a single ill-advised decision to be disqualifying conduct, we have required that the decision violate either "an important employer interest or explicit policy." *Tehven v. Job Service North Dakota,* 488 N.W.2d 48, 52 (N.D.1992).[3] Under this standard, we conclude that Karch's single unexcused absence was not misconduct.

Karch's absence on Christmas Day did not violate a critically important interest of her employer. Holiday Inn cites several decisions that are factually different from this case. In *Schadler,* an employee's failure to work severely compromised the employer's care of several hospital patients. 361 N.W.2d at 257. In *Blueshield v. Job Service North Dakota,* an employee's use of physical force threatened the safety of the workplace. 392 N.W.2d 70 (N.D.1986). In *Tehven,* 488 N.W.2d at 52, an employee's unauthorized use of a patient's file violated the confidentiality of the employer's medical records.[4]

Holiday Inn had a legitimate interest in serving the patrons of its restaurant. However, Karch's isolated behavior was the same kind of personnel problem we have previously concluded is too far removed from the employer's important interests to be misconduct. *See Hulse,* 492 N.W.2d at 608 (employee's single slip-of-the-tongue not misconduct); *Hins v. Lucas Western,* 484 N.W.2d 491, 496 (N.D.1992) (physical altercation after work not misconduct). Karch's presence among the restaurant staff was not essential to the success of Holiday Inn's buffet.

Karch's absence did not violate an express policy of Holiday Inn. Holiday Inn had an unwritten policy that everyone is expected to work on a holiday unless they are given the day off. Unlike the employee in *Tehven,* 488 N.W.2d at 52, Karch had been excused from this policy before, and testified that she believed Holiday Inn would accommodate her request again by finding someone to work for her.

If this belief was reasonable, as Job Service concluded, Karch's refusal to work with two days notice would not violate a standard of behavior Holiday Inn had a right to expect. *See Arbuckle v. Unemployment Compensation Board of Review,* 463 A.2d 1268, 1269 (Pa.Cmwlth.1983) (employer unreasonably revoked time off for employee's wedding day). If Karch unreasonably relied on her supervisor's silence, as Holiday Inn argues, her decision not to work on two days notice was bad judgment, not an intentional and substantial disregard of Holiday Inn's interests.

Our opinion should not be interpreted as approval of Karch's decision. Had Karch's supervisor told her in November that she could not have the day off,[5] or that she would have to get management's approval, Karch's refusal to work would be a willful violation of an explicit policy of Holiday Inn and disqualifying misconduct. However, the supervisor chose to "drop it," and Holiday Inn is partially to blame for this breakdown in communication. Under these facts, we cannot conclude Karch's behavior was disqualifying misconduct.

Karch's reasonable reliance on her supervisor's failure to deny her request for a day off until two days before Christmas was not misconduct. Job Service properly concluded

**3.** Two of the cases cited by Holiday Inn are not analogous because the employees had received warnings for similar misconduct. *See Medcenter One v. Job Service North Dakota,* 410 N.W.2d 521, 525 (N.D.1987); *Skjefte v. Job Service North Dakota,* 392 N.W.2d 815, 819 (N.D.1986). *See also Neubauer,* 512 N.W.2d at 432.

**4.** The numerous decisions Holiday Inn cites from other jurisdictions are also factually different from this case.

**5.** The supervisor testified that after Karch told her she wanted the day off, "I dropped it right there. I didn't say any more about it. And just, you know, left it" until December 23. Yet, in its reply brief, Holiday Inn argues "[s]everal weeks before December 25 Ms. Karch told her supervisor she was not going to work. The supervisor told her that she had to work. If she didn't come to work she would be considered a voluntary quit. On December 23, ... Karch was again reminded that she was expected to work." This statement contradicts the supervisor's testimony and is incorrect.

Karch was eligible for unemployment benefits, and we affirm.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.