2008 ND 166

**Janet VON RUDEN, Claimant
and Appellee**

v.

**NORTH DAKOTA WORKFORCE
SAFETY AND INSURANCE
FUND, Appellant**

and

**Mid Dakota Clinic, Respondent.**

**No. 20070367.**

Supreme Court of North Dakota.

Sept. 8, 2008.

Stephen D. Little, Dietz & Little Lawyers, Bismarck N.D., for claimant and appellee.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, N.D., for appellant.

MARING, Justice.

[¶ 1] Workforce Safety and Insurance ("WSI") appeals from a district court judgment reversing WSI's decision to terminate Janet Von Ruden's temporary partial disability benefits. WSI argues Von Ruden's right to receive disability benefits is limited to five years under N.D.C.C. § 65–05–10. We affirm the district court judgment, concluding WSI waived the five-year limit on Von Ruden's temporary partial disability benefits.

## I

[¶ 2] Von Ruden sustained a work-related injury in 1994, was unable to return to her previous employment, and was awarded temporary partial disability benefits. In 1997, Von Ruden completed a functional capabilities evaluation ("FCE"). The FCE determined Von Ruden was best suited for sedentary work. Von Ruden completed a second FCE in 1999, and it was determined Von Ruden was best suited for full-time sedentary and light work. Von Ruden's doctor released her to sedentary work, but he believed she could not work full time and suggested she start out working a few hours a week and increase her hours, if possible. In 2000, her doctor noted she was able to tolerate working fifteen hours per week, but he believed she should not work more hours.

[¶ 3] In 2000, Von Ruden began working fifteen hours per week as a liturgy coordinator at a church. In June 2001, two WSI claims analysts made notations in Von Ruden's file that the five-year statutory limit on partial disability benefits did not apply to Von Ruden because her doctor had not released her to work at least twenty-eight hours per week.

[¶ 4] In 2003, Von Ruden contacted her case analyst, Myrna Wetch, to inquire about how her benefits would be affected if she quit working. Wetch informed her nothing would change, and Von Ruden requested written confirmation. After the phone conversation, Wetch made a note in Von Ruden's file stating, "[i]n response to her inquiry regarding disability benefits. I told her that whether she works or not we would pay her based upon her earnings capacity or her wages, whichever was the higher. She doesn't have a 5 year cap as she is only released to 15 hours per week." Von Ruden received a February 19, 2003, letter from Wetch confirming the information Wetch had given during the phone call:

In response to your recent request for verification of continued disability benefits, you would be entitled to temporary partial disability benefits based upon your earnings capacity of $150.00 per week or your actual earnings, whichever is the higher, for as long as we have

verification of your continued disability which is directly related to your work injury of March 23, 1994. If your restrictions change and your doctor releases you to more hours, your payment could change as we would base it upon your actual earnings wherein you are working greater than the 15 hours you previously worked.

Wetch never specifically discussed the five-year statutory limit on partial disability benefits with Von Ruden. Von Ruden quit her part-time position.

[¶ 5] On December 15, 2005, WSI sent Von Ruden a notice of intention to discontinue benefits, notifying Von Ruden her benefits would be terminated because she had received benefits beyond the five-year statutory limit. Von Ruden requested WSI reconsider its decision, and WSI issued an order denying further partial disability benefits.

[¶ 6] Von Ruden filed a request for reconsideration and demanded a formal hearing. After a formal hearing, an administrative law judge ("ALJ") recommended affirming WSI's order denying Von Ruden further partial disability benefits. The ALJ concluded the statutory conditions for waiving the five-year time limit had not been met, there could not be a waiver because Von Ruden had not sustained a catastrophic injury, and there was no clear and convincing medical evidence that Von Ruden was limited to working less than 28 hours per week. The ALJ also concluded Wetch's communications with Von Ruden could not be construed as a waiver, Von Ruden and Wetch never discussed the five-year limit, and there was no clear, unequivocal, and decisive act demonstrating waiver. WSI adopted the ALJ's recommended findings and conclusions.

[¶ 7] Von Ruden appealed to the district court, and moved to adduce additional evidence from Timothy Wahlin, a WSI staff attorney, concerning WSI's practice of waiving the limitation on temporary disability benefits in similar cases. The court granted the motion and admitted Wahlin's testimony. The court reversed WSI's decision, concluding WSI violated Von Ruden's due process rights because WSI had previously stated the five-year limit did not apply to Von Ruden, and therefore WSI was required to provide Von Ruden with notice describing the medical evidence supporting a change in her medical condition and explaining how those changes made her ineligible for future benefits.

II

[¶ 8] We review an administrative agency's decision in the same manner the district court reviewed the decision, and we give due respect to the district court's analysis and review. *Reopelle v. Workforce Safety and Ins.*, 2008 ND 98, ¶ 9, 748 N.W.2d 722. We must affirm the agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of [N.D.C.C. ch. 28–32] have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the

evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. Our review of an agency's decision is limited, we do not make independent findings of fact or substitute our judgment for that of the agency's. *Reopelle*, at ¶ 9. On appeal, we determine whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record, however, questions of law are fully reviewable. *Id.*

### III

[¶ 9] The district court admitted the transcript of Wahlin's testimony from a separate WSI case. Although WSI has not argued on appeal that it was error for the court to admit the transcript of Wahlin's testimony, we conclude the district court erred in admitting the evidence.

[¶ 10] Courts exercise limited review of an administrative agency's decision under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *See Fettig v. Workforce Safety and Ins.*, 2007 ND 23, ¶ 9, 728 N.W.2d 301. A court's review is based on the administrative agency record filed with the court, and additional evidence may not be considered. *See Thompson v. Workforce Safety and Ins.*, 2006 ND 69, ¶ 9, 712 N.W.2d 309. Section 28–32–45, N.D.C.C., allows a party to apply to a court where an administrative appeal is pending for leave to offer additional evidence, however, if the court grants leave, it must remand the case to the administrative agency for the agency to consider the evidence. *See Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶ 9, 609 N.W.2d 445.

The court may not consider evidence not presented to the agency. *Id.*

[¶ 11] While the district court erred in admitting Wahlin's testimony without remanding to WSI, the court did not rely on that new evidence. Rather, the court's decision was based on the evidence contained in the administrative record, and therefore we will not reverse the court's judgment and remand for further proceedings. Wahlin's testimony will not be considered in deciding the issues raised on appeal.

### IV

[¶ 12] WSI argues Von Ruden is not entitled to continue to receive temporary partial disability benefits because she has received benefits for more than five years and does not qualify for a waiver under N.D.C.C. § 65–05–10. Von Ruden contends the five-year limit does not apply in her case because WSI waived that limit.

[¶ 13] Section 65–05–10, N.D.C.C., provides that a claimant may receive temporary partial disability benefits if an injury causes temporary partial disability that results in a decrease of earning capacity, however, the claimant is prohibited from receiving benefits for more than five years, except in some circumstances:

> Benefits must be paid during the continuance of partial disability, not to exceed a period of five years. The organization may waive the five-year limit on the duration of partial disability benefits in cases of catastrophic injury as defined in section 65–05.1–06.1 or when the injured worker is working and has long-term restrictions verified by clear and convincing objective medical and vocational evidence that limits the injured worker to working less than twenty-eight hours per week because of the compensable work injury.

[¶ 14] " 'Waiver is a voluntary and intentional relinquishment or abandonment of a known advantage, benefit, claim, privilege, or right.' " *Diversified Fin. Sys., Inc. v. Binstock,* 1998 ND 61, ¶ 16, 575 N.W.2d 677 (quoting *Hanson v. Cincinnati Life Ins. Co.,* 1997 ND 230, ¶ 13, 571 N.W.2d 363). A waiver may be established by an express agreement or may be inferred from a party's acts and conduct. *Paulson v. Paulson,* 2005 ND 72, ¶ 6, 694 N.W.2d 681. The importance of the rights involved and the bargaining position of the waiving party often define the specific requirements of a valid waiver. *Brunsoman v. Scarlett,* 465 N.W.2d 162, 168 (N.D.1991) (setting forth the specific requirements of a valid waiver in several situations). If a waiver is inferred by a party's acts or conduct, the conduct must clearly and unequivocally show an intent to relinquish a right. *See D.E.M. v. Allickson,* 555 N.W.2d 596, 600 (N.D.1996). "The existence of waiver is generally a question of fact, but if circumstances of an alleged waiver are admitted or clearly established and reasonable persons can draw only one conclusion from those circumstances, the existence of waiver is a question of law." *Paulson,* at ¶ 6.

[¶ 15] We conclude a waiver was clearly and unequivocally established in this case. WSI and Von Ruden do not dispute that WSI analysts noted in Von Ruden's file that the five-year limit did not apply to Von Ruden in 2001. The analysts noted "5 YR TPD statute doesn't apply as IW is only released to 15 hours per week, 28 hours per week or more is required. Should IW be released to 28 or more hours per week in the future please send file back for review[,]" and "5 year TPD statute does not apply since IW is only released to 15 hrs p/wk, needs to be at 28 hrs before review again." Nor do the parties dispute that Von Ruden contacted WSI analyst Wetch in 2003 to determine whether her benefits would be affected if she decided to stop working, Wetch told Von Ruden her benefits would not be affected if she quit her job, and Wetch sent Von Ruden a letter stating:

you would be entitled to temporary partial disability benefits based upon your earnings ... for as long as we have verification of your continued disability which is directly related to your work injury of March 23, 1994. If your restrictions change and your doctor releases you to more hours, your payment could change as we would base it upon your actual earnings wherein you are working greater than the 15 hours you previously worked.

Von Ruden argues the analysts' repeated determinations that Von Ruden met the statutory requirements for benefits and the five-year limit did not apply to Von Ruden, and Wetch's letter to Von Ruden constitute a waiver of the statutory time limit.

[¶ 16] WSI claims it could not have waived the five-year limit and Wetch's letter to Von Ruden is not evidence of the waiver because any waiver was never clearly communicated to Von Ruden. However, waiver only depends on what one party intends to do, not on the other party's belief or reliance. *Diversified Fin. Sys., Inc.,* 1998 ND 61, ¶ 16, 575 N.W.2d 677. While WSI never explicitly notified Von Ruden it was waiving the five-year limit, WSI's intent can be inferred from its conduct. WSI's intent to waive the time limit is clear. WSI employees noted in Von Ruden's file that she met the statutory requirements for waiver because her doctor had limited her to working less than twenty-eight hours per week and that the five-year limit did not apply to her, WSI accepted Von Ruden's doctor's decision to limit the amount of hours she was released to work, and Wetch informed Von Ruden

that she would continue to receive disability benefits for as long as WSI had verification of Von Ruden's continued disability. We conclude, as a matter of law, WSI clearly and unequivocally waived the five-year statutory time limit.

[¶ 17] WSI argues it could not have waived the time limit in 2001 or 2003 because the waiver must occur at the end of the five-year benefit period. However, there is no language in N.D.C.C. § 65–05–10 that says a waiver must occur at the end of the five years. Our primary objective in interpreting a statute is to determine legislative intent. *Reopelle*, 2008 ND 98, ¶ 13, 748 N.W.2d 722. We first look to the language of the statute to determine legislative intent, and if the language is clear and unambiguous, we presume the legislative intent is clear from the face of the statute. *Haugenoe v. Workforce Safety and Ins.*, 2008 ND 78, ¶ 8, 748 N.W.2d 378. Section 65–05–10, N.D.C.C., does not state that WSI may only decide to waive the time limit at the end of the five-year benefit period. We conclude WSI may waive the five-year limit on temporary partial disability benefits at any time under N.D.C.C. § 65–05–10.

[¶ 18] We conclude, as a matter of law, based on the undisputed, clearly established facts of this case, that a reasoning mind could only conclude WSI clearly waived the five-year time limit for partial disability benefits.

V

[¶ 19] We affirm the district court's judgment reversing WSI's order terminating Von Ruden's temporary partial disability benefits and direct WSI to enter an order consistent with this opinion.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL D. NARUM, D.J., CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

[¶ 21] The Honorable DANIEL D. NARUM, D.J., sitting in place of CROTHERS, J., disqualified.