# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 24

Linda K. Grina,                                                                    Appellant

v.

Job Service North Dakota,                                                          Appellee

and

Bismarck Gymnastics Academy,                                                       Respondent

No. 20180284

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Michael R. Hoffman, Bismarck, ND, for appellant.

Michael T. Pitcher, Office of the Attorney General, Bismarck, ND, for appellee.

**Crothers, Justice.**

[¶1]    Linda Grina appeals from a district court judgment affirming the denial of her unemployment benefits.  We affirm, concluding under our standard of review that a reasoning mind could have determined Grina left her employment voluntarily and without good cause attributable to the employer.

I

[¶2]    Grina started coaching at Bismarck Gymnastics Academy in 1992.  In 2015 or 2016 she was appointed interim executive director/program director with retained coaching duties.  When a new executive director was hired, Grina was instructed to assist the executive director in acclimating to the gym and working environment.  In July 2017 the employer informed Grina she was placed on probation for failure to assist the new executive director as instructed.  A week later Grina sent a letter to the gym's board of directors relinquishing the interim program director title and job duties and expressing her desire to stay employed as a coach.  In August 2017 Grina met with the gym board of directors.  The board informed Grina her duties as interim program director were not separable from her coaching duties, and if she chose to resign as interim program director she also would be resigning from coaching.  Grina indicated she would not continue performing the duties of interim program director.  The board issued a termination letter.

[¶3]    Grina filed for unemployment benefits through Job Service.  Job Service granted Grina benefits in October 2017 after finding the employer did not show her termination was due to misconduct.  The employer appealed and a Job Service appeals referee conducted a hearing in December 2017.  The referee reversed the initial decision and found Grina voluntarily left her employment without good cause attributable to the employer.  Grina appealed the referee's decision to the Job Service North Dakota Bureau and sought to introduce new evidence, including emails and a

text message referencing Grina being "let go" or "terminated." The Bureau added the documents to the claim file but did not consider the information in its decision affirming the referee's determination. Grina appealed to the district court. On May 21, 2018, the district court affirmed the Bureau's decision denying Grina unemployment benefits.

II

[¶4] This Court reviews a district court's decision reviewing an administrative agency's decision under the standards set out in N.D.C.C. § 28-32-46. We review the agency's decision and record compiled before the agency while giving respect to the district court's sound reasoning. *People to Save the Sheyenne River, Inc. v. N.D. Dep't of Health*, 2005 ND 104, ¶ 15, 697 N.W.2d 319. This Court will not make independent findings of fact or substitute judgment for that of the agency. *Von Ruden v. North Dakota Workforce Safety and Ins. Fund*, 2008 ND 166, ¶ 8, 755 N.W.2d 885. The appeals referee is the factfinder and must decide issues of credibility and determine the weight of the evidence. *Schweitzer v. Job Serv. North Dakota*, 2009 ND 139, ¶ 15, 770 N.W.2d 238. On appeal, we determine whether a reasoning mind reasonably could have determined the referee's factual conclusions were proved by the weight of the evidence. *Id.* (quoting *Spectrum Care LLC v. Stevick*, 2006 ND 155, ¶ 11, 718 N.W.2d 593). Under our standard of review the question is whether a reasoning mind reasonably could have determined Grina voluntarily left her employment without showing good cause attributable to her employer.

III

[¶5] Grina argues she is entitled to unemployment benefits because the weight of the evidence does not support the appeals referee's decision that she voluntarily left her position. Under N.D.C.C. § 52-06-02(1), Job Service will disqualify individuals from receiving unemployment benefits if the person "voluntarily quit without good cause attributable to the employer." Whether employee separation is due to termination or voluntary reasons is a factual decision for Job Service. *Hjelden v. Job Service North Dakota*, 1999 ND 234, ¶ 8, 603 N.W.2d 500. If Job Service determines

the employee quit, the employee is ineligible for benefits unless the employee shows good cause attributable to the employer. *Id*. If Job Service determines the employee separation is a result of termination, the employee is eligible for benefits unless the employer proves misconduct. *Id*. If confronted with disputed facts, we defer to the referee's findings and consider only whether a reasoning mind could have reasonably determined the factual conclusions were proved by a preponderance of the evidence. *Holiday Inn v. Karch*, 514 N.W.2d 374, 376 (N.D. 1994).

[¶6] A reasoning mind could rationally find Grina voluntarily quit. A gym board member testified although the employer placed Grina on probation for failure to help the new executive director, the employer intended to keep Grina on as a program director with coaching responsibilities. Grina responded in writing stating she was relinquishing her title and duties as interim program director but intended to keep her position as coach. The board subsequently informed Grina no coaching positions were available aside from that associated with the program director position. Job Service found Grina's decision was equivalent to quitting because her primary position and job duties were that of program director. Job Service determined the greater weight of evidence in the record reflected Grina voluntarily quit employment at the point when she resigned as interim program director.

IV

[¶7] Grina argues that new information submitted on appeal to the Bureau supports a finding that the employer terminated her position and that the Bureau erred by not considering the newly submitted documents.

[¶8] An administrative hearing officer has broad discretion to control the admission of evidence, and we review an officer's evidentiary ruling for an abuse of discretion. *May v. Sprynczynatyk*, 2005 ND 76, ¶ 24, 695 N.W.2d 196. In proceedings before an administrative agency, parties shall have "the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence[.]" N.D.C.C. § 28-32-35. The hearing must be conducted in a "manner as to ascertain the substantial rights of the parties." N.D.C.C. § 52-06-20.

3

[¶9] When the employer appealed the initial award of benefits to the appeals referee, Job Service provided Grina with an unemployment insurance appeals guide. This guide contained information regarding hearing preparation, including exhibit submission. Grina did not submit documents before or at the hearing, and did not object to closing the hearing record. It was only after the referee's decision that Grina requested Bureau review and submitted new information, including emails and text messages referencing Grina being "let go" or "terminated."

[¶10] The Bureau's response indicated "[t]he review by [the Bureau] also involves an examination of evidence and testimony in the record up to and including the [r]eferee's decision." The Bureau's subsequent decision affirming the referee stated "[a] review was conducted on the basis of information contained in the record." The Bureau used the wide discretion granted under N.D.C.C. § 52-06-19 to not consider the newly presented documents in its review, and no abuse of discretion has been shown.

[¶11] Grina appears to argue the district court erred in failing to consider her new information. Section 28-32-45, N.D.C.C., provides a method in the district court for allowing additional evidence into the record on appeal:

> "If an application for leave to offer additional testimony, written statements, documents, exhibits, or other evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that the additional evidence is relevant and material and that there were reasonable grounds for the failure to offer the evidence in the hearing or proceeding, or that the evidence is relevant and material to the issues involved and was rejected or excluded by the agency, the court may order that the additional evidence be taken, heard, and considered by the agency on terms and conditions as the court may deem proper."

Grina did not attempt to supplement the record by using the procedure provided by N.D.C.C. § 28-32-45. We note that even when used, this statute is consistent with our separation of powers holdings in other administrative appeals because a motion under N.D.C.C. § 28-32-45 would result in the new evidence being reviewed by the agency and not the district court. *See Linser v. Office of Attorney Gen.*, 2003 ND 195, ¶ 13,

4

672 N.W.2d 643 (recognizing the constitutional doctrine of separation of powers does not allow the court to make independent findings of fact or substitute our judgment for that of the factfinder).

[¶12]   Here, the Bureau received the documents, placed them in the claim file, but did not consider the information in its review.  It would be a better practice for an agency to expressly state whether it is including or excluding newly presented information when making its decision so interested parties could decide whether a motion to the district court under N.D.C.C. § 28-32-45 is appropriate.  However, under the facts of this case we are able to determine the Bureau did not consider the new information and the district court was not asked under N.D.C.C. § 28-32-45 to order supplementation of the record.

V

[¶13]   A reasoning mind reasonably could have determined Grina voluntarily left her employment without showing good cause attributable to the employer.  The referee's findings of fact are supported by a preponderance of the evidence and those findings support the decision of the Bureau.  Under our standard of review a reasoning mind could have determined Grina left her employment voluntarily and without good cause attributable to the employer. The district court's judgment is affirmed.

[¶14]   Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.

5