# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 207

Kristin Anton,                                                    Petitioner and Appellant

  v.

Bryan Klipfel in his Official Capacity as

Director of Job Service North Dakota, and

Job Service North Dakota,                          Respondents and Appellees

### No. 20220202

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Jessica L. Roscoe, Bismarck, ND, for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for respondents and appellees.

**Jensen, Chief Justice.**

[¶1]   Kristin Anton appeals from a district court judgment affirming an order by Job Service North Dakota denying Anton pandemic unemployment assistance benefits. Anton challenges the finding that she had failed to prove she was entitled to pandemic unemployment benefits under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). We affirm.

I

[¶2]   Anton is a single mother with three children. She was employed at Heart River Cleaning, LLC from April 1, 2017 until March 12, 2020. Anton stopped working on March 12, 2020 when the public schools closed due to the COVID-19 pandemic. Anton stopped working because she relied on the school system to provide childcare for at least one of her children. Heart River Cleaning did not close and did not hold Anton's position for her while she stayed home to watch her children.

[¶3]   Anton applied for Pandemic Unemployment Assistance (PUA) Benefits in August 2020. In her application she indicated she was entitled to PUA benefits under item (dd) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I), because she was the primary caregiver of a child who was unable to attend school because of a COVID-19 pandemic related closure. During the hearing, Anton further argued she was entitled to PUA benefits under item (kk) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I), added to the CARES Act after submission of her application, as a person who was laid off or had their hours reduced as a direct result of the COVID-19 pandemic.

[¶4]   Following a telephone hearing, Job Service determined Anton was no longer unemployed after the end of the school year due to a reason directly caused by the COVID-19 pandemic. Anton was eligible and did receive PUA benefits beginning March 12, 2020 through May 31, 2020 under item (dd) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I), because she was the primary caregiver of a child

who was unable to attend school because of a COVID-19 pandemic related closure.

[¶5]   Anton appealed the determination. The appeals referee affirmed, finding Anton's reason for being unemployed no longer existed when the school year ended and therefore Anton was no longer eligible for PUA benefits beginning May 31, 2020. Anton then requested a Bureau review and the Bureau affirmed. Anton then filed a Petition for Judicial Review of an Administrative Agency Decision. The district court affirmed Job Service's decision, holding the condition upon which Anton applied for PUA benefits was no longer applicable once the school year ended.

II

[¶6]   "When an administrative agency decision is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency, rather than the decision of the district court, although the district court's analysis is entitled to respect if its reasoning is sound." *Gartner v. Job Serv. N.D.*, 2004 ND 135, ¶ 3, 681 N.W.2d 828. Under N.D.C.C. §§ 28-32-46 and 28-32-49 we will affirm the agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Gottus v. Job Serv. N.D.,* 2011 ND 204, ¶ 7, 804 N.W.2d 192 (quoting N.D.C.C. § 28-32-46; *Spectrum Care v. Stevick*, 2006 ND 155, ¶ 8, 718 N.W.2d 593). In reviewing the agency's findings of fact, this Court does not make independent findings or substitute its judgment for the agency's judgment. *Workforce Safety & Ins. v. Auck,* 2010 ND 126, ¶ 9, 785 N.W.2d 186. "Rather, we decide whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record." *Sloan v. N.D. Workforce Safety & Ins.*, 2011 ND 194, ¶ 5, 804 N.W.2d 184.

## III

[¶7]   The CARES Act of 2020 created Pandemic Unemployment Assistance (PUA) Benefits. 15 U.S.C. § 9021. In order to receive PUA benefits a person must be a covered individual under the CARES Act. The act defines a covered individual as follows:

> (A) means an individual who--
> > (i) is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title;
> > (ii) provides self-certification that the individual--
> > > (I)     is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because--
> > >
> > > . . .
> > >
> > > **(dd) a child or other person in the household for which the individual has primary caregiving responsibility is unable to attend school or another facility that is closed as a direct result of the COVID-19 public health emergency and**

> **such school or facility care is required for the individual to work;**
>
> . . .
>
> **(kk) the individual meets any additional criteria established by the Secretary for unemployment assistance under this section[.]**

15 U.S.C. § 9021(a)(3)(A) (emphasis added).

A

[¶8]   Anton argues she is entitled to PUA benefits because she qualifies under item (dd) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I). Anton asserts she is entitled to benefits because she used school as care for her middle child while she was at work. When the public schools were closed in March 2020, Anton needed to stay home to watch her child and was no longer able to work. Job Service held Anton was eligible for PUA benefits from March 12, 2020 until May 31, 2020, but ineligible thereafter because schools were no longer in session for the summer and Anton would have needed separate childcare regardless of COVID-19.

[¶9]   Job Service found Anton needed to stay home to care for her middle child when the schools closed because she used the school as childcare so she could work. Job Service also found that her eligibility for benefits ended on May 31, 2020, because schools were always closed during the summer months and Anton would have needed separate care for her children regardless of the COVID-19 pandemic. Additionally, Job Service found Heart River Cleaning did not hold Anton's position for her, Anton began looking for work after May 31, 2020, and Anton's lack of childcare was because she could not afford it, a circumstance not covered by the CARES Act.

[¶10] Job Service concluded the CARES Act did not allow an individual who claimed PUA because of school closure to continue to receive PUA benefits during the summer months after the schools closed for the normal summer recess. Job Service's conclusion is consistent with a U.S. Department of Labor

4

Unemployment Insurance Program Letter No. 16-20, Change 1, page I-10 (April 27, 2020) issued to state agencies providing:

> 39. <u>Question</u>: Section 2102(a)(3)(A)(ii)(I)(dd) of the CARES Act in UIPL No. 16-20 allows for PUA if the individual is the primary caregiver for a child who is unable to attend school that is closed as a direct result of the COVID-19 public health emergency. Does this apply during the summer months when school is not usually in session?
>
> <u>Answer</u>: After the 2019-2020 school year was originally scheduled to end, a school is no longer considered closed as a direct result of the COVID-19 public health emergency, for purposes of 2102(a)(3)(A)(ii)(I)(dd).
>
> Once the regular 2019-2020 school year is over, parents should rely on their customary summer arrangements for caring for their children. Absent some other qualifying circumstances, the individual will not be eligible to receive PUA.
>
> However, if the facility that the individual relies on to provide summer care for the child is also closed as a direct result of the COVID-19 public health emergency, he or she may continue to qualify for PUA under section 2102(a)(3)(A)(ii)(I)(dd) of the CARES Act. Similarly, if there is some other reason under which he or she qualifies for PUA, he or she will continue to be eligible to receive benefits.

[¶11] Anton did not prove summer childcare was unavailable due to the COVID-19 pandemic. Anton needed summer childcare every summer regardless of the COVID-19 pandemic. A reasoning mind could have reasonably determined Anton no longer met the requirements of item (dd) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I) once the schools were closed for the summer recess beginning May 31, 2020. *See Grina v. Job Serv. N.D.*, 2019 ND 24, ¶ 4, 921 N.W.2d 648. Job Service's determination is supported by its findings of facts and the determination is correct under the applicable law. We affirm the district court's holding Job Service properly denied Anton benefits under item (dd) of the CARES Act beginning May 31, 2020.

## B

[¶12] Anton further asserts she qualifies for PUA benefits under item (kk) of 15 U.S.C. § 9021(a)(3)(A)(ii)(I). The U.S. Department of Labor extended item (kk) to include "[a]n individual is an employee and their hours have been reduced or the individual was laid off as a direct result of the COVID-19 public health emergency." Unemployment Insurance Program Letter No. 16-20, Change 5, page 8 (February 25, 2021). The U.S. Department of Labor clarified the extension was to cover individuals who were "laid off because the place of employment is partially closed (either permanently or temporarily) or the individual has experienced a reduction in hours[.]" *Id*. Anton argues she was effectively laid off from her job because once the schools were closed in March she needed to stay home and watch her children and her employer did not hold her position for her.

[¶13] Anton has failed to show she was laid off or her hours were reduced at her job because of COVID-19. Anton may have left employment because of COVID-19, but the loss of her job was not due to her employer. The U.S. Department of Labor clarified the extension was to cover individuals whose employer had reduced their hours or laid them off as a direct result of COVID-19. Heart River Cleaning did not reduce Anton's hours nor did they lay her off. Evidence was provided showing Heart River Cleaning's work was not affected by COVID-19; Heart River Cleaning did not close during COVID-19, hours were not shortened, nor did Heart River Cleaning lay off anyone, instead they hired three new employees. A reasoning mind could have reasonably concluded Anton failed to prove she was laid off or her hours were reduced by her employer as a direct result of COVID-19. Under the facts determined by Job Service, the determination Anton was not entitled to PUA benefits under item (kk) of the CARES Act is a correct application of the law. We affirm Job Service's decision to deny benefits under item (kk) beginning May 31, 2020.

## IV

[¶14] We conclude the referee's findings of fact are supported by a preponderance of the evidence and the determination is correct under the applicable law. The district court's judgment affirming Job Service's

6

determination Anton was ineligible to receive PUA benefits after May 31, 2022 is affirmed.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte